FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 07 2011

JAMES N. HATTEN, CLERK
By:
D. ___ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN WHITE, Individually, and as Executrix of the ESTATE OF JERE F. WHITE, Deceased, | **-JOF** |
| Plaintiff, | **1:11-cv-2997** |
| v. | Civil Action File No. _____ |
| TENOLD TRANSPORTATION (2005) LTD. d/b/a TENOLD TRANSPORTATION LIMITED PARTNERSHIP (a/k/a TENOLD TRANSPORTATION LP) and MARIOUS M'BIKATA, | JURY TRIAL DEMANDED |
| Defendants. | |

---

## COMPLAINT

---

COMES NOW, Plaintiff **Carolyn White**, individually and in her capacity as Executrix of the Estate of Jere F. White, deceased, and files this Complaint against Defendants **Tenold Transportation (2005) Ltd. d/b/a Tenold Transportation Limited Partnership (a/k/a Tenold Transportation LP)** and **Marious M'Bikata**, showing this Honorable Court as follows:

1.

Jere F. White sustained serious personal injuries and ultimately died as a result of a motor vehicle collision that occurred at approximately 2:14 p.m. on June 8, 2011, in Paulding County, Georgia. The collision was caused by Defendant Marious M'Bikata, who was acting within the course and scope of his employment with Defendant Tenold Transportation (2005) Ltd. d/b/a Tenold Transportation Limited Partnership (a/k/a Tenold Transportation LP) at the time of the collision.

**PARTIES, JURISDICTION, AND VENUE**

2.

Carolyn White ("Plaintiff White") brings this suit individually and as the duly appointed Executrix for the Estate of Jere F. White, deceased. At the time of the collision at issue, Plaintiff White and her husband, Jere F. White ("Jere White"), resided in Polk County, Georgia. Plaintiff White is the proper party to bring this action to recover all damages allowable by law for the injuries and subsequent death of Jere White. Plaintiff White and the Estate of Jere F. White are residents of the State of Georgia.

3.

Defendant Marious M'Bikata ("M'Bikata") was the driver of the tractor-trailer involved in the subject collision that occurred in Georgia. Defendant

M'Bikata resides at 32854 Highland Avenue, Abbotsford, British Columbia, V2S 7A7, Canada.  Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, Defendant M'Bikata will be served with process in accordance with the Hague Service Convention.  Alternatively, if Defendant M'Bikata is found to be traveling or conducting business within the United States, Plaintiff may elect to serve him with process domestically pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

4.

Defendant Tenold Transportation (2005) Ltd., doing business as Tenold Transportation Limited Partnership (also known as Tenold Transportation LP) (collectively referred to as "Tenold Transportation"), is an interstate motor common carrier with its principal place of business at 19470 94th Avenue, Surrey, British Columbia V4N 4E5, Canada.  Tenold Transportation is registered with the U.S. Department of Transportation, under U.S. D.O.T. Number 175138, and is registered with an ICC Motor Carrier Number 245537.  At the time of the subject collision, Tenold Transportation was the employer of M'Bikata and the owner of the tractor-trailer involved in the collision.  Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, Defendant Tenold Transportation will be served with process in Canada in accordance with the Hague Service Convention.

3

Alternatively, if Defendant Tenold Transportation is found to be conducting business within the United States, Plaintiff may elect to serve the company with process domestically pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

5.

There exists complete diversity between the parties and the amount in controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest, costs and attorney's fees. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332.

6.

Venue is proper under 28 U.S.C. § 1390, as the events and occurrences made the basis of this action occurred in whole or in part in the Northern District of Georgia.

**GENERAL FACTS**

7.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

8.

On May 11, 2011, at approximately 2:14 p.m., Jere White is driving his pick-up truck westbound on S.R. 6 in Paulding County, Georgia. He is on his way

4

to pick up his grandson and granddaughter from Eastside Elementary School in Rockmart, Georgia. He plans to bring the kids by his house, clean up, and then go over to his daughter, Leigh Caffrey's house to celebrate Leigh's daughter's (his granddaughter's) graduation from kindergarten. A party is planned for her, complete with balloons and cake, and Jere White is looking forward to it.

9.

At the same time and place, Defendant M'Bikata is driving a 2004 Peterbilt tractor with a flatbed trailer owned by Defendant Tenold Transportation westbound on S.R. 6.

10.

After cresting a hill, for unknown reasons, Defendant M'Bikata slows his vehicle either to a stop or to a near stop in the right travel lane of S.R. 6.

11.

Defendant M'Bikata does not activate his hazard flashing lights, nor does he otherwise warn traffic that he is stopped or driving far below the speed limit.

12.

The speed limit on this stretch of S.R. 6 is 65 miles per hour.

13.

Jere White crests the hill going at or below the speed limit.

5

14.

Jere White, despite using reasonable care, cannot avoid striking the rear of the trailer Defendant M'Bikata is hauling.

15.

Jere White is severely injured. He is unable to get out of his car without extrication. He is conscious and cogent and he asks a young lady to pray with him.

16.

Jere White is extricated from his vehicle by emergency personnel and is taken by ambulance and then by life-flight to Atlanta Medical Center. He goes in and out of consciousness a few times before dying alone in the hospital approximately four hours after the collision. His family is not notified in time to be by his side.

## COUNT I – NEGLIGENCE OF MARIOUS M'BIKATA

17.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

18.

At all times relevant hereto, Jere White exercised ordinary care in his actions leading up to the collision at issue.

19.

At all relevant times, Defendant M'Bikata owed certain duties to members of the driving public, including Jere White.

20.

At the time of the subject collision, Defendant M'Bikata was driving in violation of the Federal Motor Carrier Safety Regulations that govern hours of service.

21.

Defendant M'Bikata was negligent in at least the following specific ways:

(a)   Improperly driving on a roadway;

(b)   Improperly slowing and/or stopping on a roadway;

(c)   Failing to use his hazard warning flashers or otherwise adequately warning traffic that we was stopped or moving very slowly on a 65 mph roadway just over the crest of hill;

(d)   Failing to abide by the basic rules of the road;

(e)   Driving his vehicle in reckless disregard for the safety of people;

(f)   Driving while fatigued to the point of being a less safe driver;

(g)   Failing to exercise due care;

(h)   Failing to drive defensively;

7

(i)    Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

(j)    Failing to operate the tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

(k)    Failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the incident; and

(l)    Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

### 22.

Defendant M'Bikata, at the time of this collision, was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

### 23.

Defendant M'Bikata was also subject to the laws of the State of Georgia governing the operation of a motor vehicle on Georgia's public roadways at the time of the subject collision.

24.

Defendant M'Bikata was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations, State Trucking Safety Rules and various rules of the road as incorporated into O.C.G.A. Section 40, Chapter 6, all of which govern his conduct in the operation of a commercial motor vehicle on a Georgia highway.

25.

Defendant M'Bikata's negligent conduct proximately caused the collision at issue in this case.

26.

As a direct and proximate cause of Defendant M'Bikata's negligent conduct, Jere White suffered severe injuries that resulted in his pain, suffering, and death.

27.

By virtue of Defendant M'Bikata's negligent conduct, Defendant M'Bikata is liable to Plaintiff for all damages allowed under the law and as set forth more fully in the Damages section below.

## COUNT II – TENOLD TRANSPORTATION'S LIABILITY FOR THE NEGLIGENCE OF MARIOUS M'BIKATA

28.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

29.

Defendant Tenold Transportation owned the tractor driven by Defendant M'Bikata at the time of the subject collision.

30.

Defendant Tenold Transportation owned the trailer operated by Defendant M'Bikata at the time of the subject collision.

31.

At the time of the subject collision, Defendant M'Bikata was employed by Defendant Tenold Transportation as a commercial motor vehicle driver.

32.

At the time of the subject collision, Defendant M'Bikata was acting as an agent of Defendant Tenold Transportation.

33.

At the time of the subject collision, Defendant M'Bikata was driving a tractor-trailer under dispatch for Defendant Tenold Transportation.

34.

At the time of the subject collision, Defendant M'Bikata was a permissive user of the tractor-trailer involved in the subject collision.

10

35.

At the time of the subject collision, Defendant M'Bikata was acting within the course and scope of his employment or agency with Defendant Tenold Transportation.

36.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant Tenold Transportation is vicariously liable and legally responsible for the negligent acts and omissions of Defendant M'Bikata.

37.

By virtue of imputed liability, Defendant Tenold Transportation is liable to Plaintiff for all damages allowed under the law and as set forth more fully in the Damages section below.

## COUNT III – INDEPENDENT NEGLIGENCE OF TENOLD TRANSPORTATION

38.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

39.

After the subject collision, based on witness accounts, Defendant M'Bikata complained to a witness he had not showered in over five days, giving Plaintiff

11

reason to suspect that he was violating the hours of service provisions relating to commercial drivers under state and federal law.

40.

Further, after the subject collision, Defendant M'Bikata failed to take an alcohol test, as required under federal law.

41.

At the time Tenold Transportation hired Defendant M'Bikata, Defendant Tenold Transportation should have known that Defendant M'Bikata had a demonstrated propensity to be a dangerous driver.

42.

Defendant Tenold Transportation was independently negligent in:

(a)     Hiring Defendant M'Bikata as a commercial driver;

(b)     Negligently training, supervising, and managing Defendant M'Bikata;

(c)     Entrusting Defendant M'Bikata with a loaded tractor-trailer knowing that Defendant M'Bikata would be operating that tractor-trailer on public roadways;

(d)     Entrusting, instructing, and permitting Defendant M'Bikata to drive under the circumstances then existing;

(e)     Failing to institute appropriate training to address and minimize Defendant M'Bikata's dangerous propensities;

(f)     Failing to institute appropriate supervisory protocols to oversee Defendant M'Bikata and ensure that he was not acting in a dangerous manner;

(g)     Otherwise violating state laws and federal regulations governing trucking companies; and

(h)     Otherwise failing to act as a reasonably prudent trucking company under the same or similar circumstances.

43.

Defendant Tenold Transportation negligently failed to have, train on or enforce adequate policies and procedures to minimize unsafe driving practices, such as driving over hours of service, stopping in the middle of the road in a 65 mph zone, failing to obtain proper directions before being dispatched, driving while fatigued, and failing to follow other basic commercial driving practices.

44.

By way of summary and in at least the ways outlined herein, Defendant Tenold Transportation was independently negligent in hiring, training, supervising, and managing Defendant M'Bikata and in entrusting him to operate a tractor-trailer

13

on the public highways.

45.

Defendant Tenold Transportation's negligence is a proximate cause of the collision that resulted severe injuries and ultimately the death of Jere White.

46.

By virtue of Defendant Tenold Transportation's negligent conduct, Defendant Tenold Transportation is liable to Plaintiff for all damages allowed under the law and as set forth more fully in the Damages section below.

### DAMAGES

47.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

48.

Defendants' negligent conduct proximately caused Jere White to suffer tremendous pre-impact mental anguish during the moments leading up to the collision where Mr. White knew the impact was inevitable and likely injurious and could not be avoided despite all efforts.

14

49.

Defendants' negligent conduct also proximately caused Jere White to suffer severe physical injuries and attendant pain and mental anguish during and after the impact. Mr. White was conscious after impact, asking others to pray with him, and then also conscious in the hospital, but his family was not notified in time to reach him. Jere White died alone in his hospital bed.

50.

As a direct and proximate result of Defendants' negligence, The Estate of Jere White has incurred and is entitled to recover special damages, including but not limited to medical expenses, funeral expenses, burial expenses, and other miscellaneous expenses, in an amount that is will be proven at trial. The Estate is also entitled to recover for Mr. White's general damages, including pre-death pain and suffering.

51.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover for the wrongful death of Jere White, including the full value of his life as permitted under Georgia law.

## COUNT IV – PUNITIVE DAMAGES AGAINST
## MARIOUS M'BIKATA AND TENOLD TRANSPORTATION

52.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

53.

The actions of Defendants Tenold Transportation and their driver, M'Bikata, demonstrate a reckless indifference or disregard for the safety of others or that entire want of care that would raise the presumption of conscious indifference to consequences and which warrant the imposition of punitive damages.

54.

Accordingly, Defendants Tenold Transportation and M'Bikata are liable to Plaintiff for punitive damages to punish, penalize, and deter them from similar conduct in the future.

### DEMAND FOR JURY TRIAL

55.

Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff prays that this Court award the following relief against Defendants:

16

A. That process be issued and service be had upon Defendants as provided by law;

B. That judgment be entered against Defendants and in favor of Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff and the Estate of Jere White;

C. For a jury trial on all issues so triable;

D. For punitive damages against Defendants;

E. For all costs of this action including attorneys fees and expenses;

F. For pre-judgment and post-judgment interest; and

G. For such further relief as the Court deems just and proper.

Dated on September 7, 2011.

FRIED ROGERS GOLDBERG LLC

JOSEPH A. FRIED
GEORGIA STATE BAR NUMBER 277251
JENNIFER LEONHARDT OJEDA
GEORGIA STATE BAR NUMBER 765489

17

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326-4275
TELEPHONE:   404-591-1800
FACSIMILE:    404-591-1801

**DANIEL B. SIMON, III, P.C.**

DANIEL B. SIMON, III
GEORGIA STATE BAR NUMBER 646920

POST OFFICE BOX 525
ROCKMART, GEORGIA 30153-0525
TELEPHONE: 770-684-3553
FACSIMILE:  770-684-0357

***ATTORNEYS FOR PLAINTIFF***

18